IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-554-D

| | | |
|---|---|---|
| DANIEL K. MAYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROCKY MOUNT POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

On December 5, 2019, Daniel K. Mayo ("Mayo" or "plaintiff"), proceeding pro se, filed a complaint. See Compl. [D.E. 1]. Mayo proceeds in forma pauperis. See [D.E. 3, 5]. Defendant moves to dismiss the complaint [D.E. 18]. The court notified Mayo about the motion to dismiss and the consequences of failing to respond [D.E. 20, 24]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Mayo responded in opposition [D.E. 25] and moves to "receive all further notices through email" [D.E. 12] and for a translator [D.E. 22]. Defendant filed a reply [D.E. 26], and Mayo filed a sur-reply [D.E. 27]. As explained below, the court grants defendant's motion to dismiss and denies the remaining motions.

I.

In 2012, Mayo "purchased a home under common law private contract law ... with a friend[,]" Denean Southerland. Compl. at 1; see Exs. [D.E. 1-4] (warranty deed). Southerland "lived there for a year and oneday [sic] just abandoned the property leaving house molded with mildew and grass being cut by [the] city [which] charged [a] $2500.00 fee for grass violation." Compl. at 1. In 2014, Mayo "took over the property" and made "plumbing upgrades and

maintenance repairs." Id. In 2015, Southerland attempted to evict Mayo, but a judge "dismissed" the eviction because Mayo "was half owner of [the] property." Id. at 1–2; see Exs. [D.E. 1-3] (state court judgment).

On October 11, 2018, Southerland "lied" to the Rocky Mount Police Department ("RMPD") in order to obtain an arrest warrant against Mayo for trespassing. Compl. at 2; see Exs. [D.E. 1-2] 2–3 (trespassing enforcement authorization form signed by Southerland and arrest warrant). "Rocky Mount police ignored the judgment ordered by the judge and locked [Mayo] up for 36 days for a fraudulent charge that got dis[miss]ed[.]" Compl. at 2. Mayo returned to the house, and Southerland again accused Mayo of trespassing. Id. at 2–3. Mayo discussed the issue with a police officer, and Southerland "took something [Mayo] said to the officer and went to the magistrate created more fraudulent charges, saying [Mayo] communicated a threat to her in front of a police." Id. at 3. The magistrate "issued another bogus warr[a]nt" and Mayo was arrested a second time and "sat in jail 4 months to go to court and [the] charges [were] dis[miss]ed because they figured out she was lying 4 months later." Id.; see Exs. [D.E. 1-2] 5 (prisoner control record). In 2019, a RMPD officer arrested Mayo, "took [him] down town in [his] night clothes[,]" and charged him with misdemeanor disorderly conduct after he "came out cursing[]" at a police officer who had accompanied Southerland to the house. Compl. at 4–5;[1] see Exs. [D.E. 1-2] 6 (release order). Mayo does not describe the outcome of that criminal case.

On an unspecified date, Southerland "ramshacked" the house, "[s]tole numerous thing[s] and cash valued over $5000." Compl. at 4–6. On another unspecified date, Mayo returned to the house from work to find "all [his] things outside . . . . in the lawn." Id. at 6. Mayo also discovered that his

---

[1] These two pages of the complaint are identical.

2

"truck that was parked behind [the] house in a locked gate[]" was missing, and called the RMPD. Id. A RMPD officer responded to the call, and Mayo told the officer that "neighbors told [him] it was [Southerland] again with her daughter and a man." Id. The RMPD "located [Mayo's] car. Said it was towed not stolen." Id. Mayo "had to pay $250 to get [the] truck back plus pay for rides for 6 days." Id. However, RMPD "still have not charged [Southerland] or told her not to come around doing things." Id.

Mayo asserts claims under 42 U.S.C. § 1983 for false arrest against the RMPD. See [D.E. 11]. Mayo seeks $4,000,022,000 in damages. [D.E. 1-1] 1.

II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's allegations must "nudge[ ] [the] claims," Twombly, 550

3

U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676–77; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

The RMPD is not a person amenable to suit. See Cooper v. Brunswick Cnty. Sheriff's Dep't, No. 7:10-CV-14-D, 2011 WL 738610, at *4 & n.2 (E.D.N.C. Feb. 7, 2011) (unpublished) (collecting cases), report and recommendation adopted, 2011 WL 736670 (E.D.N.C. Feb. 23, 2011) (unpublished). Thus, the court grants defendant's motion to dismiss.

To the extent Mayo cites violations of state or federal criminal statutes or sues the RMPD for failing to arrest or prosecute Southerland, "the United States and its attorneys have the sole power to prosecute criminal cases in the federal courts," and private citizens cannot petition federal courts to compel the criminal prosecution of another person. Maine v. Taylor, 477 U.S. 131, 136–37 (1986); see Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973). Moreover, sections 241 and 242 of Title 18 of the United States Code "provide no basis for civil liability." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam); see Huston v. Slanina, No. 12 C 4582, 2012 WL 4464301, at *2 (N.D. Ill. Sept. 24, 2012) (unpublished) (collecting cases). Accordingly, any claim under these statutes fails.

4

As for Mayo's motion to receive filings electronically, Mayo must register for a PACER account and complete and submit the consent form required by this court in order to receive electronic filings. See Pro Se Consent & Registration Form to Receive Documents Electronically, http://www.nced.uscourts.gov/pdfs/pro_se_electronic_noticing_consent_registration.pdf (last visited June 9, 2021). Thus, the court denies the motion without prejudice. The court denies as frivolous Mayo's motion for a translator.

III.

In sum, the court GRANTS defendant's motion to dismiss [D.E. 18] and DISMISSES the action WITH PREJUDICE for failure to state a claim. The court DENIES plaintiff's motions [D.E. 12, 22]. The clerk shall close the case.

SO ORDERED. This 9 day of June 2021.

JAMES C. DEVER III
United States District Judge

5

Case 5:19-cv-00554-D   Document 28   Filed 06/10/21   Page 5 of 5